UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
02 MAY 23 AM 9:26
U.S. DISTRICT COURT
WESTERN DISTRICT MICH

United States of America for the use of Lincoln Brick and Supply Company, a Michigan corporation,

      Plaintiff,

vs.

Northouse Construction, Incorporated, a Michigan corporation, Macroe Properties, Inc., a Michigan corporation, and Employers Mutual Casualty Company, an Iowa insurance company,

      Defendants.
_____/

Case No. 1:02 CV 0368

Hon.

**Gordon J. Quist
U.S. District Judge**

E. Peter Drolet (P25409)
Timothy A. Greimel (P61743)
KERR, RUSSELL AND WEBER, PLC
Attorneys for Plaintiff
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226
(313) 961-0200
_____/

## COMPLAINT

NOW COMES United States of America for the use of Lincoln Brick and Supply Company, a Michigan corporation, by its attorneys, Kerr, Russell and Weber, PLC, and for its Complaint against Northouse Construction, Incorporated, Macroe Properties, Inc., and Employers Mutual Casualty Company states:

### COMMON ALLEGATIONS

1.    Lincoln Brick and Supply Company ("Lincoln") is a Michigan corporation whose principal place of business is in the County of Kent, State of Michigan.

2. Northouse Construction, Incorporated ("Northouse") is a Michigan corporation whose principal place of business is in the County of Kent, State of Michigan.

3. Macroe Properties, Inc. ("Macroe") is a Michigan corporation whose principal place of business is in the County of Kent, State of Michigan.

4. Employers Mutual Casualty Company ("EMC") is an Iowa insurance company.

5. The project and real property that are the subject of this action are located in the County of Newaygo, State of Michigan.

6. This action seeks relief under the Miller Act as amended by the Construction Industry Payment Protection Act of 1999 (40 USC 270a, et seq.).

## COUNT I

## BREACH OF CONTRACT

7. Lincoln incorporates by reference the allegations set forth in paragraphs 1 through 6 above.

8. Lincoln and Northouse entered into a contract (the "Contract") by which Lincoln was to furnish materials on open account in connection with the construction of a project known as the Newaygo – Main Post Office (the "Project"), which Project was located in the County of Newaygo, State of Michigan.

9. In accordance with the Contract, Lincoln furnished materials to Northouse under Lincoln's normal terms of sale.

10. Lincoln furnished all materials in good condition, completed all deliveries, performed all work in a workmanlike manner, and otherwise fulfilled all of its requirements under the terms and conditions of the Contract.

KERR, RUSSELL
AND WEBER, PLC

11. Lincoln performed all of its obligations under the Contract and rendered to Northouse copies of invoices for materials furnished upon account. See Exhibit A.

12. The outstanding balance for materials furnished that is due and owing to Lincoln by Northouse as of May 21, 2002 is $19,803.93, including time-price differential charges.

13. The failure of Northouse to challenge or otherwise object to the invoices sent to it by Lincoln within a reasonable time has rendered the account an account stated that is conclusive between the parties.

14. In spite of repeated demands for payment by Lincoln, Northouse has wholly failed, refused, and/or neglected to pay its outstanding indebtedness.

WHEREFORE, Lincoln Brick and Supply Company prays for judgment against Defendant Northouse Construction, Incorporated on the account for the outstanding balance as of May 21, 2002 in the amount of $19,803.93, together with subsequently accruing time-price differential charges until the date of payment, statutory interest, costs, and reasonable attorneys fees.

## COUNT II

## CLAIM ON PAYMENT BOND

15. Lincoln incorporates by reference the allegations set forth in paragraphs 1 through 14 above.

16. In accordance with 39 USC 410(b)(4)(B) and 40 USC 270a, Macroe issued a labor and material payment bond (the "Bond") in connection with the Project, covering payment to Lincoln for labor and/or materials furnished in connection with the Project. The Bond provides that EMC, as surety, together with Macroe, as principal, agreed to be bound

jointly and severally for debts owed to contractors on the Project. A copy of the Bond is attached as Exhibit B.

17. In spite of Lincoln's full and complete performance of its obligations under its contract with Northouse, Northouse has failed to pay Lincoln for materials furnished and there is presently due and owing to Lincoln by Northouse the outstanding balance of $19,803.93 as of May 21, 2002, together with subsequently accruing time-price differential charges until the date of payment.

18. In accordance with 40 USC 270b(a), Lincoln has a right of action upon the Bond pursuant to its direct contractual relationship with a subcontractor on the Project.

19. Pursuant to the Bond, EMC and Macroe, jointly and severally, are indebted to Lincoln for the outstanding balance of $19,803.93 as of May 21, 2002, together with subsequently accruing time-price differential charges until the date of payment.

20. As evidenced by a shipment confirmation slip, Lincoln last supplied materials to the Project on May 23, 2001. See Exhibit C.

21. On August 15, 2001, within the ninety-day period stipulated by 40 USC 270b(a), Lincoln submitted a claim under the Bond and mailed it to the United States Post Office, McGraw Construction, Inc., Northouse, Macroe, and EMC. See Exhibit D.

22. Lincoln has performed all contractual, statutory, and other conditions required for recovery against the Bond and its principal and surety.

WHEREFORE, Lincoln Brick and Supply Company prays for judgment against Defendants EMC and Macroe, jointly and severally, on the account and on the above referenced bond for the sum of $19,803.93, together with subsequently accruing time-price

KERR, RUSSELL
AND WEBER, PLC

differential charges until the date of payment, statutory interest, costs, and reasonable attorneys fees, as well as such other relief as this Court deems just and equitable.

Respectfully submitted,

KERR, RUSSELL AND WEBER, PLC

By: *Timothy A. Greimel*
E. Peter Drolet (P25409)
Timothy A. Greimel (P61743)
Attorneys for Plaintiff
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226
(313) 961-0200

Dated: May 21, 2002